

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2006

# Vernon v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2934

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Vernon v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2934

———

PAUL VERNON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A35-501-072)

———

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2006

Before: AMBRO and FUENTES, Circuit Judges, and IRENAS,* District Judge.

(Filed: May 16, 2006)

_____

* Honorable Joseph E. Irenas, United States District Court for the District of New Jersey, sitting by designation.

1

---

OPINION OF THE COURT

---

FUENTES, <u>Circuit Judge</u>.

Paul Vernon petitions for review of the Board of Immigration Appeals' ("BIA")

decision affirming an Immigration Judge's ("IJ") finding that Vernon is removable based

on his past criminal convictions. Although the action began in the United States District

Court for the Middle District of Pennsylvania as a petition for a writ of habeas corpus

under 28 U.S.C. § 2241, the District Court transferred the petition to this Court pursuant

to the REAL ID Act of 2005. For the reasons the follow, we will deny Vernon's petition

for review.

## I. Facts and Procedural History

Vernon, a native and citizen of Jamaica, entered the United States as an immigrant

in 1975. Vernon served in the United States Army beginning in 1977 and, aside from a

two-year break in service, remained on either active duty or in reserve status until his

honorable discharge in 1985. Due to his honorable military service during hostilities,

Vernon was qualified for expeditious naturalization under 8 U.S.C. § 1440. On August 5,

1986, Vernon completed, signed, and mailed his naturalization application to the

Immigration and Naturalization Service ("INS"), and the application was stamped

"RECEIVED" by the INS on September 19, 1986. Vernon was scheduled for an

"examination appointment date" on January 8, 1987. According to Vernon, however, the

2

INS never notified him of this appointment.  On January 20, 1987, the INS closed Vernon's naturalization proceedings.  According to Vernon, the INS neither notified him of its action nor advised him of his right to seek review of the decision.

Beginning shortly after he submitted his naturalization application, Vernon committed a number of crimes for which he was convicted.  On August 26, 1986, Vernon was convicted in Bronx Country Criminal Court, Bronx, New York, for criminal possession of marijuana in violation of New York Penal Code 221.10.  On December 19, 1986, Vernon was again convicted in Bronx County Criminal Court for criminal possession of marijuana in violation of New York Penal Code 221.10.  On January 9, 1991, Vernon was convicted in Bronx County Supreme Court, Bronx, New York, for criminal possession of a weapon in violation of New York Penal Code 265.02, and he was sentenced to six months in prison.  On April 29, 2003, Vernon was convicted of the offense of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 34 months in prison.

On August 27, 2003, based on his convictions, the INS commenced removal proceedings against Vernon.  The Notice to Appear charged (1) that Vernon's convictions rendered him removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of an aggravated felony relating to a firearms offense; and (2) that Vernon's conviction for illegally possessing a firearm, part, or accessory under 18 U.S.C. § 921(a) rendered him removable pursuant to 8 U.S.C. § 1227(a)(2)(C).

Following a hearing, an IJ ruled that Vernon was removable based on his firearms

3

convictions. The IJ also denied Vernon's request to terminate the removal proceedings based on Vernon's claim that he was eligible for naturalization. Finally, the IJ found that Vernon's aggravated felony conviction barred him from establishing that he was of good moral character. The BIA affirmed the IJ's decision without opinion.

On or about February 11, 2005, Vernon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he is statutorily eligible for naturalization. On June 7, 2005, the District Court transferred Vernon's petition to this Court, which converted it into a petition for review pursuant to the REAL ID Act. This Court has jurisdiction over petitions for review under 8 U.S.C. § 1252, and venue is proper in this Court because the proceedings before the IJ were completed in Philadelphia, Pennsylvania.

## II. Discussion

Vernon does not dispute that he is ineligible for naturalization today on account of his criminal convictions. Rather, Vernon contends that, because the INS failed to comply with its own regulations governing the processing and adjudication of naturalization applications submitted by lawful permanent residents who are eligible for citizenship, this Court should either grant him citizenship or order the INS to complete his naturalization adjudication nunc pro tunc under the laws and factual circumstances in existence at the time he applied for naturalization in 1986.

We will deny Vernon's petition for review. Nunc pro tunc, literally "now for then," allows a court sitting in equity to deem an action to have been taken as of a time

4

when it should have been taken, but was not due to circumstances not attributable to the unreasonable delay of the parties. Mitchell v. Overman, 103 U.S. 62, 65 (1881). Here, Vernon offers no excuse or explanation as to why he never sought clarification or reconsideration of his application for naturalization from the time he filed it in 1986 until he raised it as an issue before the IJ seventeen years later. Even assuming part of this delay was due to agency error, that the delay extended from 1986 until 2003 is directly attributable to Vernon. Accordingly, this Court cannot order that Vernon's naturalization application be considered nunc pro tunc.

In view of the complete bar to naturalization of aliens convicted of aggravated felonies at any time, 8 U.S.C. § 1101(f)(8), Vernon's firearms conviction renders him unable to establish that he is prima facie eligible for naturalization as a veteran of the armed forces under 8 U.S.C. § 1440. Thus, this Court is unable to grant him citizenship.

### III. Conclusion

Because Vernon has not established that he qualifies for naturalization and has not established that his constitutional rights were violated, we will deny his petition for review.